JANUARY TERM, 1886. 457

Schrier, Adm'r, etc. vs. Milwaukee, Lake Shore & Western R. Co.

Schrier, Administrator, etc., Respondent, vs. Milwaukee, Lake Shore & Western Railway Company, Appellant.

*February 24 — March 16, 1886.*

*(1) Courts: Extra jury term at same time as special term. (2) Railroads: Fences: Killing of child: Evidence. (3) Improper remarks of counsel to jury. (4) Excessive damages.*

1. The judge of the third judicial circuit may, under sec. 2426, R. S., appoint an extra jury term to be held in Winnebago county at the same time that a special term is held therein under ch. 134, R. S.

2. Evidence showing that a dwelling-house was situated about 100 feet from a railroad track which was entirely unfenced; that a highway ran between the track and the house; that the fence between the house and the highway had one large gate which, at the time of the accident, had been left open without the knowledge of the mother of the child killed; that such child (a boy eighteen months old) was in the room with his mother where she was sewing, about fifteen minutes before the accident; and that the mother could not give any direct information as to when the child left the house or how it got upon the railroad track, where it was killed by a passing train,— is *held* sufficient to warrant a jury in finding that the killing of the child was " occasioned, in whole or in part," by the want of fences along the railroad track.

3. Remarks of counsel in the argument to the jury which would otherwise be improper may be unobjectionable if made in reply to the argument of opposing counsel.

4. A verdict for $2,000 damages for the killing of a boy eighteen months old, *held* not excessive.

APPEAL from the Circuit Court for *Winnebago* County. Action to recover damages for the death of the plaintiff's intestate (his son), a boy about eighteen months old, alleged to have been caused by the failure of the defendant company to fence its track at the place where the accident happened. At the close of the plaintiff's testimony a motion for a nonsuit was denied. The defendant introduced no evidence. There was a verdict for the plaintiff assessing his damages at $2,000, and from the judgment entered thereon the defendant appealed.

Schrier, Adm'r, etc. vs. Milwaukee, Lake Shore & Western R. Co.

*Alfred L. Cary*, for the appellant, contended, *inter alia*, that the plaintiff had failed to show that the accident was occasioned by the lack of fences. There was nothing to show how the child got upon the track. See *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114; *Singleton v. E. C. R. Co.* 97 Eng. C. L. 287; *Steffen v. C. & N. W. R. Co.* 46 Wis. 259; *Wood v. C., M. & St. P. R. Co.* 51 id. 196; *Sorenson v. Menasha P. & P. Co.* 56 id. 338; *Hickey v. C., M. & St. P. R. Co.* 64 id. 649. The damages were excessive. *Potter v. C. & N. W. R. Co.* 22 Wis. 615; *Goodno v. Oshkosh,* 28 id. 300; *Spicer v. C. & N. W. R. Co.* 29 id. 580; *Rogers v. Henry,* 32 id. 327; *Patten v. C. & N. W. R. Co.* id. 524; *Marshall v. Heller,* 55 id. 392; *Baker v. Madison,* 62 id. 137.

*Gabe Bouck,* for the respondent.

COLE, C. J.   The circuit judge, under sec. 2426, R. S., appointed an extra jury term of the circuit court of Winnebago county, for the first Tuesday of September, 1885, at which term this cause was called for trial. The counsel for the defendant objected to striking a jury, and to the trial of the cause at that term, because it was not a lawful term for the trial of jury causes. The objection was overruled, and an exception taken which is relied on here for a reversal of the judgment. The precise ground of the objection is: As ch. 134, Laws of 1885, appoints special terms of the circuit court of Winnebago county on the first Tuesday in September and February of each year, which are made special terms for the third judicial circuit, the circuit judge is not authorized to appoint an extra jury term to take the place of either of these special terms. We fail to see any force in the objection. The learned counsel says, because the legislature expressly enacted that a special term should be held on the first Tuesday in September, it prohibited by implication the holding of an extra jury term at that time.

We are unable to draw any such inference as to the intent of the legislature from this law. There is nothing incompatible, as we can see, in the circuit judge appointing an extra jury term at one of the special terms fixed by the legislature. All the business of a special term for the circuit can be transacted at such extra jury term, and it would seem to promote public convenience to dispose of jury cases, as well as other matters, at such term. It will be noticed that the same law makes each of the general terms of the circuit court, in each county in the circuit, as well as these special terms of Winnebago county, special terms for the whole circuit. This shows an intention to have the business of other counties, as far as possible, transacted at a jury term. Consequently we think this cause could be lawfully tried at the special term when it was.

The next error assigned is the refusal of the court to grant a nonsuit. It is said there was no proof that the defendant was guilty of any negligence which caused the death of the plaintiff's intestate. The negligence alleged was the failure of the defendant to erect and maintain a fence along its right of way, as required by ch. 193, Laws of 1881. The answer admits that the company has operated its road upon the premises where the deceased was injured, for more than a year prior to the accident, and that it has never erected a fence on either side of its track at that place. It further admits that the *locus in quo* is not depot grounds, and that it is not relieved from the necessity of erecting a fence at that point by reason of the proximity of a pond, lake, watercourse, ditch, or other sufficient protection. The child killed lived with its parents, who occupied a farm in the country, and was about eighteen months old. The dwelling-house of the parents was situated a hundred feet from the track. There was a highway between the house and the railroad track, and a fence between the house and the highway. There was only one opening in the fence,— a

big gate used both for people and wagons, which was not in front of the house, but on the side, with a path leading from the house to it. It happened, at the time, that this gate was left open by some one, unbeknown to the mother. The mother testified that she saw the child about fifteen minutes before it was injured; that it was then with her in the room where she was sewing. She was unable to give any direct information as to when the child left the house, or how it got on the railway track. Her oldest son, about seven years of age, was in front of the house and first called her attention to the fact that the child was hurt. She went, and picked it up in the center of the track, where it had been fatally injured by a passing train. This is really the substance of the testimony about the child's getting upon the track. Now, it is insisted that there should have been more direct and positive proof as to how the child happened to be on the track,— some circumstances or condition of things shown which would point to the want of a fence as the probable occasion of the child's being on the track where it was injured; in other words, that the jury would not be justified in finding upon the testimony to which we have referred, that the injury to the child "was occasioned in any manner, in whole or in part, by the want of a fence." We cannot agree with counsel in this view. When it appeared that the gate was open, it would be the natural deduction of experience and common sense to conclude that the child escaped from the inclosure through such open gate; and when it appeared that there was no fence along the railroad track at that place, it would equally be the natural deduction of experience and common sense to conclude that the child got upon the track because it was not fenced. The jury might well have found, upon the case made by the plaintiff, that the omission of the company to perform the duty prescribed by the statute was the true cause of the accident. It would not be "mere conjecture and surmise"

Schrier, Adm'r, etc. vs. Milwaukee, Lake Shore & Western R. Co.

for the jury to reach such a conclusion upon the facts proven. See *Schmidt v. M. & St. P. R. Co.* 23 Wis. 186; *Quackenbush v. W. & M. R. Co.* 62 Wis. 411. The case of *Bremmer v. G. B., S. P. & N. R. Co.* 61 Wis. 114, seems to us so unlike this in its facts that it does not require any comment. The nonsuit, therefore, was properly denied.

Exceptions were taken to certain remarks of plaintiff's counsel while summing up the case to the jury. We have carefully examined these remarks, as set out in the bill of exceptions, and understand that they are in strict reply to the argument which had been made by the counsel on the other side.[1] We do not see anything objectionable in them

[1] The following is an extract from the printed case:

" Defendant's counsel, in their arguments to jury, claimed that juries were apt to be prejudiced against railroads, and render oppressive verdicts. During his argument to the jury, counsel for the plaintiff said as follows: 'I, in my opening, said nothing about railroad corporations. They have introduced it themselves, and made a cowardly plea to you to try to prejudice you by saying that the juries are prejudiced against a railroad corporation, and therefore they think to make you believe that they are prejudiced and see how small a verdict for that reason you can give. I have heard it before. It is sing-song, and I challenge the gentlemen to show a verdict ever rendered by a jury of Winnebago county against a railroad corporation that has ever been set aside by this or any other court as excessive. Come in here in humble, humble appeal to your mercy, because here is one place where they are not master of the situation. Go to them where they are master of the situation and they are not by any means so humble or contrite, and if the story was not a little improper I would tell it, because both of them remind me of the innocent Abigail.' Counsel for the defendant objected and excepted to each and every part of the foregoing remarks by plaintiff's counsel. When the objection was made, attorney for plaintiff claimed that the defendant went into the subject and opened the door, and stopped further remarks in that direction. Plaintiff's attorney told the jury that no distinction could be made by them between corporations and individuals.

" Counsel for the plaintiff further said to the jury as follows: 'The only thing that is material in this case that they deny was the fact that they didn't know whether this father and mother depended upon their own labor for support or not, and that is the only thing in our case they

when considered in this light. Certainly error cannot be predicated on them.

The last error assigned is that the motion for a new trial should have been granted, for the reason that the damages assessed by the jury are excessive. The verdict was for $2,000. As this court has often said, the·statute gives the jury a wide scope in awarding damages within a specified limit. The jury may give such damages "as they shall

deny.' Counsel for the defendant objected and excepted to each and every part of the foregoing remarks by plaintiff's counsel.

"Counsel for the plaintiff further said to the jury as follows: 'When they stand up here with their mathematical demonstration, that I cannot conclude to anything else about their mathematical demonstrations except that they wish to demonstrate to you to determine the question which is the cheapest, to build a fence or kill the children and the cattle.' The foregoing is not the whole of plaintiff's remarks upon that subject. Counsel for defendant had previously gone into a mathematical demonstration, viz.: costs of support of the child until able to support himself, compounding the interest until such time as the parents would be likely to need his support. Counsel for the defendant objected and excepted to each and every part of the foregoing remarks by plaintiff's counsel.

"Counsel for the plaintiff further said to the jury as follows: 'What I say you are not to take as the law, but what I claim the law to be, and in the language of the judge of the supreme court of this state in substance, we are entitled to recover the pecuniary injury that we have sustained, and that the law gives a liberal scope to a jury that they can render a just and fair compensation; that is the language of the statute.' Counsel for the defendant objected and excepted to each and every part of the foregoing remarks by plaintiff's counsel. Upon objection being made, the plaintiff's attorney gave the exact language of the court in the case of *Ewen v. C. & N. W. R. Co.* 38 Wis. 522, viz.: Although the recovery must be confined to damages of a strictly pecuniary nature, yet a wide scope is designedly left for the action of the jury under the statute; they may, within a specified limit, award what they shall deem just and fair.

"The extracts here given from plaintiff's argument are isolated extracts, and do not contain the whole argument of plaintiff's counsel upon the same question.

"The attorney for the plaintiff expressly told the jury in his argument that they must take the law as given by the court and not as given by the attorneys."—REP.

deem fair and just " with reference to the pecuniary injury resulting to the relatives named from the death of the person killed. Under our decisions upon this statute, we do not feel justified in granting a new trial in this case because of excessive damages. We shall not go over our decisions upon this subject. Suffice it to say that intelligent and honest jurors will reach different results in this class of cases; and, unless the damages given are so large as to indicate some bias or perversion of judgment on the part of the jury, we are unwilling to grant new trials on that ground. We see no occasion to depart from our rule by anything appearing in this record.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.