Quackenbush, Administratrix, etc., Respondent, vs. Wisconsin & Minnesota Railroad Company, Appellant.

*March 28 — April 17, 1888.*

*Railroads: Fences: Constitutional law.*

Sec. 1810, R. S., as amended by ch. 193, Laws of 1881, makes a railroad company *absolutely* liable for all damages occasioned by the failure to erect fences along its road as therein required, and excludes the defense of contributory negligence; and such act is constitutional. *Quackenbush v. W. & M. R. Co.* 62 Wis. 411.

APPEAL from the Circuit Court for *Chippewa* County.

Action to recover damages for the death of the plaintiff's intestate, alleged to have been caused by the failure of the defendant to fence its railroad as required by law. An order overruling a general demurrer to the complaint was

affirmed on a former appeal. See 62 Wis. 411. Upon the trial the jury returned a special verdict and also found generally in favor of the plaintiff, assessing her damages at $5,000. From the judgment entered on the verdict in favor of the plaintiff the defendant appeals. Other facts are stated in the opinion.

For the appellant there was a brief by *Edwin H. Abbot*, attorney, and *David S. Wegg* and *Howard Morris*, of counsel, and the cause was argued orally by *Mr. Morris* and *Mr. Wegg*.

*H. H. Hayden*, for the respondent.

ORTON, J. The facts of this case are substantially and briefly as follows: The plaintiff was the wife, and brings this suit as administratrix, of Edward C. Quackenbush, deceased. The deceased was the conductor on a train of flat cars engaged in ballasting the railroad of the defendant between the stations of Thorp and Cadott, east of Chippewa Falls, about the 8th day of July, 1881. That part of the road had been open for general business since November, 1880. The flat cars had been loaded with surfacing material at a pit lying westerly of Cadott, and was pulled by the engine to a point between the stations of Thorp and Stanley, and there unloaded, and was then being pushed by the engine back towards Stanley station. When about three miles west of said station, the train collided with a heifer upon the track, and was derailed, and the lifeless remains of the deceased were found among the wreck. At the moment of the collision the deceased was on the westerly portion of the train. It was claimed by the appellant that so pushing the train on that part of the track was a violation of the rules of the company, to the knowledge of the deceased.

At about 600 feet easterly from the place of the accident one MacDonough had established a place for the delivery of piles cut from adjoining land on the defendant's right of

way for shipment on the road. MacDonough had cut roads into the country opposite, on which material to be there shipped was hauled, and these logging roads extended three-quarters of a mile on both sides of the railroad into the country. The nearest highway crossing was a mile and a half from the place of the accident, and the nearest farm crossing was from a half mile to three quarters of a mile east, or, some witnesses say, a mile and a half east, and the nearest cultivated farms were half a mile distant either way. The railroad of the defendant on both sides opposite the place where the animal was run over by the train, and as is claimed by the respondent where it got upon the track, had never been fenced, although such places were outside of depot grounds and not at farm or highway crossings, and there was no pond, water-course, ditch, embankment, or other sufficient protection rendering a fence unnecessary at such places to prevent cattle from straying upon the right of way of the defendant, and although the road had been built and operated more than three months, in violation of sec. 1810, R. S., as amended by ch. 193, Laws of 1881. The jury found that this was the condition of the road where the accident occurred and where the animal got upon the track. There was some argument by the learned counsel of the appellant that it was not shown that the place where the animal got upon the right of way was required to be fenced. But we think the evidence warranted the jury in so finding. The jury found also that the death of the deceased was occasioned by the negligence of the defendant in having failed to erect fences at the place where the animal got upon the right of way of said road.

The vital and important questions in the case are — *First.* Whether the statute makes the defendant *absolutely* liable for the damages caused by the failure to so fence its road; and, *second,* if the statute does make the company so absolutely liable, whether it is constitutional. It is true the

jury found that there was no want of ordinary care and prudence on the part of the deceased that operated as a cause contributing to his death, and we are inclined to think that such finding was warranted by the evidence; but the main argument of the counsel on both sides was as to the construction and validity of the above statute, and but little was said as to contributory negligence. For that reason alone the case ought not to rest on that finding, but the above questions ought to be treated as *necessarily* in the case, and so decided. It is contended by the respondent's counsel that these questions are *res adjudicata* in this case on the former appeal from the order overruling the demurrer to the complaint. But on the other hand it is contended by the learned counsel of the appellant that they are not *res adjudicata* on the former appeal, because not necessary to the decision of the demurrer, as the complaint alleged that the plaintiff was in the exercise of ordinary care when the train was thrown from the track, and this court intimated that these questions might not be strictly in the case. It might as well be said that these questions are not now in the case on account of the above finding that the plaintiff's intestate was not guilty of any contributory negligence. But on the other appeal it is very significant that the learned counsel of the appellant made their briefs and arguments on these questions almost alone, and asked for their decision; and so also they have done on this appeal. If that statute makes the company *absolutely* liable, then the question of contributory negligence is an immaterial issue in the case, and ought not to be regarded, and is not lawfully in the case. We must therefore hold that said questions were in the case on the former appeal, and are in the case on this appeal, and that they are *res adjudicata*, and may not again be raised on this appeal. This court fully considered those questions on the former appeal, and the opinion of the chief justice is full and com-

prehensive as to the construction and constitutionality of the statute. It was held "that the statute imposes an *absolute* liability in such a case;" and "that it excludes the defense of contributory negligence when the corporation fails to perform the duty which the statute prescribes in the first instance;" and "that it is in the nature of a penalty," etc.; and that such a law falls within the police power of the legislature and is constitutional and valid.

We find no error in the record.

*By the Court.*— The judgment of the circuit court is affirmed.