Chicago Anderson Pressed Brick Co. v. Rembarz.

---

## Chicago Anderson Pressed Brick Co. v. Rembarz.

1. MASTER AND SERVANT—*Risk of the Employment.*—An employe assumes the hazards of the ordinary perils of the work in which he is engaged, provided he knew of such dangers, or by the exercise of ordinary care might have known. If the danger is one of which the employe

has had no reasonable opportunity to learn, then it is not a peril, the risk of which he assumes.

2. RISK OF THE EMPLOYMENT—*Application of the Rule.*—An inexperienced employe was put to work at a clay crusher in a brick manufacturing establishment. It was a dangerous machine, and all the instructions as to its use given him by the foreman consisted in telling him to do as a fellow-workman, who had had considerable experience working at the crusher, did. When the machine clogged the experienced workman cleared it out with a short stick. The inexperienced employe in attempting to do likewise was caught in the machine and injured. *It was held* that the danger in working at the machine was one of which the employe had no reasonable opportunity to inform himself, and was not one of the risks which he assumed.

3. SPECIAL FINDINGS—*When Not Consistent with the General Verdict.*—In an action to recover damages for personal injuries received by an inexperienced employe put to work at a dangerous machine by the foreman of the establishment with instructions to do as a fellow workman did, the jury in connection with the general verdict made, among others, the following special findings : " Was the plaintiff exercising reasonable care for his own safety at the time he was injured ? Yes. Could the plaintiff, by reasonable attention or the exercise of ordinary prudence, have known that it was dangerous to use a stick in the machine in the manner testified to by himself ? Yes." *It was held*, that the special findings were not inconsistent with the general verdict. The jury may have concluded that the plaintiff was acting, when injured, in accordance with the directions of his foreman, and that if by reasonable care he might have known that it was dangerous, still he was bound, at the peril of dismissal, to obey orders.

4. DAMAGES—*$10,000 Not Excessive.*—An employe in a brick manufacturing establishment was so seriously injured while obeying the instructions of the foreman in working at a dangerous machine as to necessitate amputation of an arm. *It was held* that a judgment for $10,000 was not necessarily excessive.

**Memorandum.**—Action for personal injuries. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1893, and affirmed. Opinion filed December 21, 1893.

## STATEMENT OF THE CASE.

In 1889, the defendant in error was in the employ of the Chicago Anderson Pressed Brick Company. He had been at work for the company about five weeks shoveling clay, unloading clay from cars and boats. On the day of the injury he was put to work in the clay room; his work was

that of shoveling clay and material for brick into a wheelbarrow; he was then to wheel it to a crusher, dump it by the side of the crusher, then put the wheelbarrow under the crusher to receive the crushed material as it passed through; then he was to shovel the material into the crusher, and after it was ground to wheel it away to another machine, called a reducer.

The crusher consisted of two rollers, eighteen and five-eighths inches in diameter and eighteen inches wide; the rollers were surfaced with chilled cast iron teeth, and run close together to crush material.

This machine stood up from the floor so that a wheelbarrow could be put under to catch the material as it passed through. The top of the rollers stood four to four and one-half feet high, with a frame hopper around the top, open on the side where the material was shoveled in, the rollers being in plain sight of the person shoveling. The machine was run by a belt and shafting. This machine, as well as others, were in operation in the clay room, at the works of appellant.

On the morning appellee was set to work he was taken into the clay room, where he had been at work before, and was told by the foreman of the clay room to go to work; to take a wheelbarrow and wheel the dirt an l put it in the crusher, and to put his wheelbarrow underneath the crusher, and when the wheelbarrow was full to take it to another grinder. That morning the material to be crushed was clay, small, broken bats, and shale.

Appellee was working with one John Rhode. The two men alternated. Rhode took a load to the crusher, ran it through and wheeled away the crushed material. Appellee followed with a wheelbarrow and did likewise. Appellee was putting in his second load, and was using a stick to poke down the material, when the stick caught between the wheels and was drawn through, and his hand also was caught and drawn into the crusher. The wheels were revolving about one revolution a second, fifty-eight revolutions a minute.

As soon as possible the crusher was stopped and appellee's arm was removed; his arm was afterward amputated above the elbow.   The case went to trial before a jury; a verdict of $12,500 was rendered, and afterward $2,500 was remitted on suggestion of the court, and judgment rendered for $10,000.

S. M. MILLARD, attorney for plaintiff in error.

EDMUND FURTHMANN, attorney for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Upon the trial of the cause to reverse the judgment in which this writ of error is prosecuted, there was evidence tending to show that the plaintiff below, a common laborer, upon the morning he was injured, was for the first time put to work at a dangerous machine, with the direction to do as his fellow-workman, Rhode, did; that Rhode had been previously directed by appellant's foreman to use a stick to push or poke brick bats into the grasp of the crusher; that on this occasion he did so, and the plaintiff below, seeing him, did likewise, and as a consequence was injured.

It is quite true that this was, obviously, a dangerous machine, and that plaintiff below, John Rembarz, must be held to have known that if his fingers became caught between its powerful teeth, he would be seriously injured; but there is no presumption that this common laborer had knowledge or information sufficient to enable him to understand the danger of attempting to push, with a stick eight inches long, brick bats or other material into the clasp of the swiftly revolving rollers that carried these teeth.   Moreover, it is asserted by him and his companion, Rhode, that he was told to do the very thing by the doing of which his injury was occasioned.

He did not willfully thrust his fingers within the grasp of these rollers, nor did he for any purpose of his own bring his hand into proximity with their teeth; what he did, was

done in an honest endeavor to serve his employer, and when working in the manner he was directed by his foreman.

The accident happened as an experienced man might well have anticipated; the stick with which Rembarz was push-ing the bats into the clasp of the rollers was caught by them; his hand naturally followed the stick and was caught also; there is no presumption that an entirely inexperienced person would have foreseen such danger.

An employe assumes the hazards of the ordinary perils of the work in which he is engaged, provided he knew of such dangers, or by the exercise of ordinary care might have known. If the danger is one of which the employe has had no opportunity to learn, then it is not the risk which he assumes. Wharton on Negligence, Sec. 206; McCormick Machine Co. v. Burandt, 136 Ill. 170; Walsh v. Peet Valve Co., 110 Mass. 23.

In the present case, a common laborer was injured by this machine within fifteen minutes after he began work upon it. There had been no reasonable time within which he could have ascertained the dangers attending what he was given to do, and no explanation was given to him of such danger.

If he and his companion, Rhode, are to be believed, he went to work with the simple instruction to do as Rhode did; seeing Rhode use a stick to push the bats, he followed such example.

The jury, in connection with the general verdict, made, among others, the following special findings :

Fifth. Was it an apparently dangerous act for one see-ing the cylinders or grinders in their operation, to use a stick with his hand near the wheel or cylinders while they were in operation? No.

Sixth. Was the plaintiff exercising reasonable care for his own safety at the time he was injured? Yes.

Seventh. Could the plaintiff, by reasonable attention, or the exercise of ordinary prudence, have known that it was dangerous to use a stick in the machine in the manner tes-tified to by himself? Yes.

The sixth and seventh of these are said to be inconsistent with the general verdict.

In finding that it was not apparently dangerous to use a stick near the wheels of the machine, and that the plaintiff could, by reasonable attention, or the exercise of common prudence, have known that it was dangerous to use a stick as he did, and that the plaintiff was exercising reasonable care for his own safety at the time he was injured, and a general verdict against the defendant, the jury may have concluded that the plaintiff was acting, when injured, in accordance with the directions of his foreman, and that if, by reasonable care, he might have known that it was dangerous, still he was bound, at the peril of dismissal, to obey orders, and while he might have ascertained that his use of the stick was dangerous, yet that he did not have, in the fifteen minutes allowed to him, time in which to become aware of the danger.

Most employments about powerful machinery are dangerous, and may easily be seen to be so; but the danger, the extent and nature of it, may only be learned from extended experience.

The jury did not find that the plaintiff below could, by reasonable care, have known the danger of using a stick as he did, but merely that he could, by such care, have learned that it was dangerous.

The verdict was and the judgment is for a large sum, but not so large as to shock our sense of remedial justice.

The judgment is the act of the judge of the court before whom the cause was tried, and there is more than the usual evidence of a careful consideration of the sum for which judgment should be rendered, as the court below did not enter judgment for the entire amount of the verdict.

We do not mean to be understood as saying that if sitting as the trial court, we should have entered judgment for so large a sum, but we do not feel warranted in interfering with the conclusions of the trial court, and its judgment is affirmed.