Baltzer vs. Chicago, Madison & Northern R. Co.

BALTZER, Respondent, vs. CHICAGO, MADISON & NORTHERN | 89    257|
RAILROAD COMPANY, Appellant.                         |c116  5640|

*October 5, 1894 — February 5, 1895.*

*Railroads: Injury to brakeman making coupling: Negligence and contributory negligence: Court and jury: Evidence: Instructions: Damages.*

1. In an action for injuries sustained by a brakeman while riding upon the pilot of an engine and attempting to couple the engine to a car upon a spur track, it is *held* that the evidence tends to show that the engineer was negligent (1) in running the engine at a dangerous rate of speed upon the spur track and when it struck the car; (2) in not paying attention to the coupling and regulating the motion of the engine accordingly, even without any signal from the plaintiff.

2. The evidence — tending to show, among other things, that plaintiff was in a proper place on the pilot; that he had to raise and hold up a long and heavy drawbar, ready to enter it into the drawhead of the car; that he remained in this place to the last moment, supposing (as he had a right to do) that the engineer would slow up or stop the engine; and that when the collision came it was too late for him to escape — is *held* to have warranted the jury in finding that plaintiff was not guilty of contributory negligence.

3. A witness may be allowed on the trial to correct his testimony contained in a deposition.

4. It is not error for the court to read the pleadings to the jury, that they may know the real issues in the case.

5. An award of $10,000 for a very severe injury, necessitating amputation of the left arm of a young man nineteen years old, previously healthy, strong, and capable of labor, is *held* not excessive.

APPEAL from a judgment of the circuit court for Green county: JOHN R. BENNETT, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries sustained by plaintiff while working as a brakeman in the employ of the defendant, and alleged to have been caused by the negligence of the defendant and its servants. The facts are stated in the opinion and in the report of a former appeal, 83 Wis. 459. There was a verdict for the plaintiff, assessing

Baltzer vs. Chicago, Madison & Northern R. Co.

his damages at $10,000. From the judgment thereon the defendant appealed.

For the appellant there was a brief by *P. J. Clawson*, attorney, and *B. J. Stevens* and *John D. Gurnee*, of counsel, and oral argument by *Mr. Stevens* and *Mr. Clawson*. They contended, *inter alia*, that plaintiff's own testimony shows that he was guilty of contributory negligence (1) in suffering the engineer to run his engine down the grade of the spur-track at six miles an hour up to within two or four feet of the flat car, without giving him a signal to slacken the speed, and (2) when, knowing that the engine was running at an unusual rate of speed, he moved forward on the pilot for the purpose of making the coupling by picking up the drawbar, thereby placing himself in the most dangerous position possible, without first giving a signal to slacken speed. *Kennedy v. Lake Superior T. & T. Co.* 87 Wis. 28; *Lockwood v. C. & N. W. R. Co.* 55 id. 50; *Pennington v. D., N. H. & M. R. Co.* 90 Mich. 505. If the negligence of the plaintiff contributes directly to the injury, he cannot recover, even though the negligence of the defendant also contributed thereto. *Gibbons v. Wis. V. R. Co.* 62 Wis. 546; *Schoenfeld v. Milwaukee C. R. Co.* 74 id. 433; *Matteson v. Jackman*, 32 id. 182; *O'Donnell v. M. P. R. Co.* 7 Mo. App. 190. It is contributory negligence of an aggravated character on the part of an employee to disobey reasonable rules and regulations enacted to protect him from injury. *Memphis & C. R. Co. v. Askew*, 90 Ala. 5; *Lyon v. D., L. & L. M. R. Co.* 31 Mich. 429. In general, negligence on the part of a brakeman in making couplings, if it amount to a want of ordinary care contributing proximately to the cause of the injury, will prevent a recovery. *Muldowney v. I. C. R. Co.* 39 Iowa, 615; *Toledo, W. & W. R. Co. v. Black*, 88 Ill. 112; *Kelly v. Abbot*, 63 Wis. 307. When a person, voluntarily and for his own convenience, undertakes to perform the duty in a hazardous manner, when there is a perfectly safe way of

Baltzer vs. Chicago, Madison & Northern R. Co.

doing it, he is wanting in ordinary care which is fatal to recovery. *St. Louis B. & I. Co. v. Brennan,* 20 Ill. App. 555; *Cunningham v. C., M. & St. P. R. Co.* 17 Fed. Rep. 882; *Holland v. C., M. & St. P. R. Co.* 18 id. 243; *Railroad Co. v. Jones,* 95 U. S. 439; *Foster v. C. & A. R. Co.* 84 Ill. 164. A negligent act cannot be excused by showing that others did the same thing, or that they were in the habit of performing certain work in a negligent manner. *Ferguson v. Cent. I. R. Co.* 58 Iowa, 293; *Chicago, etc. R. Co. v. Clark,* 15 Am. & Eng. R. Cas. 261; *Southern Kansas R. Co. v. Robbins,* 43 Kan. 145; *Hamilton v. D. M. V. R. Co.* 36 Iowa, 31. The verdict is unreasonably large and evinces partiality and prejudice on the part of the jury. *Brown v. S. P. R. Co.* 7 Utah, 288.

For the respondent there was a brief by *B. F. Dunwiddie* and *John D. Dunwiddie,* attorneys, and *Geo. W. Bird,* of counsel, and oral argument by *Mr. B. F. Dunwiddie* and *Mr. Bird.* They argued, among other things, that the plaintiff was not guilty of contributory negligence within the authorities. *Lyttle v. C. & W. M. R. Co.* 84 Mich. 289; *McKean v. B. C. R. Co.* 55 Iowa, 192; *Bennett v. N. P. R. Co.* 2 N. Dak. 112; *Lockhart v. L. R. & M. R. Co.* 40 Fed. Rep. 631; *Louisville & N. R. Co. v. Watson,* 90 Ala. 68; *Indianapolis & C. R. Co. v. McClure,* 26 Ind. 374; *Jeffrey v. K. & D. M. R. Co.* 5 Am. & Eng. R. Cas. 568; *Mo. Pac. R. Co. v. McCally,* 41 Kan. 639; *Cent. R. & B. Co. v. Neighbors,* 83 Ga. 444; *James v. N. P. R. Co.* 46 Minn. 168. This is not a case warranting even a remission of a part of the verdict. *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419; *Union Pac. R. Co. v. Young,* 19 Kan. 488; *Ketchum v. T. & P. R. Co.* 38 La. Ann. 777; *Robinson v. W. P. R. Co.* 48 Cal. 409; *Dougherty v. Mo. Pac. R. Co.* 97 Mo. 647; *Gulf, C. & S. F. R. Co. v. Gordon,* 70 Tex. 80; *Chicago C. R. Co. v. Wilcox,* 33 Ill. App. 450; *Taylor v. Mo. Pac. R. Co.* 16 S. W. Rep. 206; *Bowers v. U. P. R. Co.* 4 Utah, 215; *Galveston, H. & S. A.*

*R. Co. v. Porfert*, 72 Tex. 344; *Furnish v. Mo. Pac. R. Co.*
102 Mo. 438; *Trinity & S. R. Co. v. Lane*, 79 Tex. 643;
*Texas P. R. Co. v. Johnson*, 76 id. 421; *Texas M. R. Co. v.
Douglass*, 69 id. 694; *Griffith v. Mo. Pac. R. Co.* 98 Mo. 168;
*Heddles v. C. & N. W. R. Co.* 77 Wis. 228.

The following opinion was filed October 23, 1894:

ORTON, C. J.    The testimony in this case is not materially
different from that on the first trial, and the facts were fully
stated on the former appeal, in 83 Wis. 459.    On the last
trial the jury found a verdict for the plaintiff, and assessed
his damages at $10,000.    The learned counsel of the appel-
lant, in their brief, assign as errors (1) that the engineer, in
the management of his engine, was not negligent; (2) that the
plaintiff's negligence contributed to his injury; (3) that
the court erred in putting questions, and in its rulings at
the trial, denying motion for a new trial, and in its charge
to the jury; (4) that the verdict is contrary to the evidence
and excessive.

The first two assignments of error present questions of
fact on the evidence.    On the former appeal, Mr. Justice
PINNEY said in the opinion: "We think that it may be fairly
claimed that the evidence of contributory negligence on the
part of the plaintiff was such, at least, that different minds
might well come to different conclusions in respect to it and
as to whether the plaintiff should recover."    This embraces
the merits of the case, and shows how this court viewed
these two questions as the case was presented on the former
appeal by the evidence.    It is conceded that the evidence
on the last trial is not materially different.    This, perhaps,
should be conclusive of these two questions.    The above
language of Mr. Justice PINNEY is a perfect definition of
questions of fact on the evidence which should be left exclu-
sively for the jury to decide, and a sufficient reason for not
disturbing the verdict on the merits.    But the learned coun-

sel on both sides have treated these two questions as open on this appeal, by very full and elaborate briefs and arguments. I have therefore thought it proper to mention some of the more prominent facts which have induced us not to interfere with the verdict on these questions:

1. We think that there was evidence, which the jury had the right to believe, which tended strongly to show that the engineer, Platt, was negligent (1) in running his engine on the spur track, so near the flat car to be coupled with it, at the dangerous speed of six miles an hour, and in running the engine at the speed of three miles an hour when it struck the flat car; (2) the engineer was negligent in not paying any attention whatever to the coupling of his engine with the flat car. He seemed to be as indifferent about the coupling as if he had no duty to perform other than to drive ahead as on an open track. He did not even look at the car that was to be coupled so near in front of his engine, until he heard the agonizing voice of the plaintiff when injured by the collision. He was at that time looking another way. Whatever might be his duty in the ordinary coupling of cars distant from the engine, whose drawheads or bumpers are alike and on a level, as to acting only on the signal of the brakeman, there was evidence that in this instance it was his duty to regulate the motion of the engine and adapt it to the flat car to be coupled-with it, without any signal. This would seem reasonable. The engineer was standing in his cab, only a few feet from the end of the pilot, and could see the flat car and how and when he would come in contact with it, as well as the brakeman standing on the pilot with the heavy drawbar in his hand. The engineer had nothing else to do but to regulate the motion of his engine, but the brakeman had to stand on the end of the pilot, with his toes between the bars to keep from falling off, and raise and hold up the heavy drawbar, and look to the drawhead of the flat car to be entered. It

would seem that the brakeman, standing on ' such a precarious footing, had enough to do to make the coupling, without regulating the motion of the engine. The testimony tends very strongly to show the negligence of the engineer, and the jury had the right to so find.

2. The testimony tended strongly to show that the plaintiff was not negligent: First, there was evidence that he was in a proper place on the pilot to make the coupling. The drawbar was long and heavy, and extended nearly to the point of the pilot. The plaintiff had to raise it and hold it up in his left hand, ready to enter it into the drawhead of the flat car. He had the right to believe that the engineer would slow up the engine in proper time for him to do so, but then the engine came at the speed of at least three miles an hour. The pilot was driven far under the flat car, the bumpers came together with great force, and the flat cars were driven back. This was all done in an instant. The plaintiff was thrown over on the flat car, and then back high up on the pilot, and his arm in some way was crushed. He was fortunate in not being killed. What should he have done? He could not jump out from between the cars safely, as he testifies, even if he had time to do so. I am unable to conceive how the plaintiff could have walked along by the side of the pilot, and raised and held up that heavy drawbar, and made the coupling with safety. But in this case it was well that he did not attempt it. The plaintiff remained in his proper place to the last moment, supposing that the engineer would slow up or stop the engine, and when the collision came it was then too late for him to escape. He knew that the engineer could see the flat car as well as himself, and he had the right to depend upon his slowing up at the proper time. There appears to have been evidence sufficient to warrant the jury in finding that the plaintiff did not contribute to his injury by his own negligence.

3. Under this head the learned counsel of the appellant

assigns three errors: (1) The court put questions to the witnesses; (2) denied the motion for a new trial; (3) in instructing the jury. (1) It is not claimed that the questions put by the court on the trial were improper, but that they "disclosed sympathetic bias on the part of the court." The least that can be said on this point is that this does not appear. (2) Permitting the witness to amend his deposition. This, as we understand it, was the correction of his own testimony, and that was proper. That should not be denied to any witness. We have sufficiently disposed of the question whether a new trial should be had on the merits. (3) The learned counsel has not pointed out in his brief the specific instructions claimed to be objectionable. The point is too general. There was nothing improper in the court's reading the pleadings to the jury, that they might know the real issue in the case. We have carefully read the instructions of the court to the jury, and they appear to have been correct, judicious, and fair.

4. The verdict was clearly sustained by the evidence, and does not appear to be excessive in the amount of damages. The plaintiff was only nineteen years old, and previously healthy, strong, and capable of labor. The injury was a very severe one, and permanent. We are unable to find any error in the record which ought to reverse the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied February 5, 1895.