COLE, Respondent, vs. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY, Appellant.

*October 23 — November 7, 1899.*

*Railroads: Fences: Depot grounds: Killing of animals on track: Court and jury.*

1. Where the grounds left unfenced and treated by a railway company as depot grounds are unusually extensive and the *locus in quo* is outside of and beyond the switches and side tracks, and is not used as a place of access by the public or patrons, either for freight or passengers, and only for the passing or standing of trains, the question whether it is necessary for and used as depot grounds is properly for the jury.

2. Under sec. 1810, Stats. 1898, a railway company is absolutely liable for the killing of animals if they came upon its road at a point (not in fact depot grounds) where it was unfenced, even though it omitted the fence in good faith because it considered the locality depot grounds.

APPEAL from a judgment of the superior court of Douglas county: CHARLES SMITH, Judge. *Affirmed.*

In May, 1898, defendant maintained a flag station at what is known as South Range, a village of some thirty families. It had no depot building, but a platform on which freight was received and delivered, and a switch track about 1,500

feet in length. The road was fenced generally, but a space was left unfenced at this station, a little more than 2,800 feet in length, commencing 580 feet south of the south switch, and ending 670 feet north of the north switch. The platform was located opposite the south end of the switch track, and immediately south thereof was the traveled highway. The track, from this highway to the cattle guard at the commencement of the fence south of it about 500 feet, was not accessible or used for purposes of loading or unloading cars or receiving or landing passengers. It was crossed about 180 feet south of the highway by two tramways connecting parts of a lumber yard, and immediately south of the tramways appears to have been a legal section-line road, but not worked or traveled. There were ditches on both sides of the track, of considerable depth, usually containing water. Trains were accustomed to run down into this locality in order to back onto the switch; also, to stand there at times when delivering freight upon the platform. There was conflicting evidence as to the custom of trainmen to walk along this track for purposes of inspection while the train was so standing. Plaintiff turned his horses out onto the highway during the night, and they passed from the highway southward onto the railroad right of way, and were run into and killed at from 150 to 180 feet south of the highway. The court, by proper instructions, not excepted to, submitted the question whether the place of entry on the right of way was depot grounds. A verdict for the plaintiff was followed by judgment, from which defendant appeals.

For the appellant there was a brief by *Catlin, Butler & Lyons*, and oral argument by *Thos. E. Lyons*.

*H. V. Gard*, for the respondent.

DODGE, J. Two questions are raised upon this appeal: First, was the *locus in quo* depot grounds as matter of law?

Secondly, if not, is the defense of contributory negligence open to the defendant?

1. Where, as here, the grounds left unfenced and treated by a railway company as depot grounds are unusually extensive, and the *locus in quo* is outside of and beyond the switches and side tracks, and is not used as a place of access by the public or patrons, either for freight or passengers, and only for the passing or standing of trains, the question whether it is necessary for and used as depot grounds is properly for the jury. *Fowler v. Farmers' L. & T. Co.* 21 Wis. 77; *Plunkett v. M., S. S. M. & A. R. Co.* 79 Wis. 222; *Grosse v. C. & N. W. R. Co.* 91 Wis. 482; *Mills & Le Clair L. Co. v. C., St. P., M. & O. R. Co.* 94 Wis. 336.

2. It is contended by appellant that the situation presented does not fall within the statute making liability of a railway company absolute in case of its failure to fence its road, for the reason that, as appellant claims, it had in good faith done so, and omitted the place in question only because considered depot grounds. This contention does violence to the words of the statute (sec. 1810, Stats. 1898). Until it shall build fences along both sides of its road (depot grounds excepted), and place cattle guards, the company is made absolutely liable. It is only after *such* fences and guards have been constructed that contributory negligence may be urged as a defense. Sec. 1810. If the 500 feet south of the highway in question are not in fact depot grounds, the defendant has not yet complied with the statute, and is absolutely liable for injuries occasioned by the omission to fence.

*By the Court.*— Judgment affirmed.