# CASES DETERMINED

# January Term, 1909.

SCHWIND, by guardian *ad litem,* Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*May 11—June 3, 1909.*

*Railroads: Depot grounds: Questions for jury: Negligence: Liability for unfenced track: Injuries to children: Contributory negligence: Cause of injury: Instructions to jury: Excessive damages.*

1. The question whether a given place is or is not depot grounds within the calls of sec. 1810, Stats. (1898), is ordinarily a question of fact.
2. Failure of the statutory duty imposed upon railroad companies to fence their right of way constitutes negligence, and for injuries proximately caused thereby, and not contributed to by the negligence of the person injured, the company is liable.
3. Where, in addition to the duty imposed upon railroads to fence their right of way, the provisions of the statute impose liability for all damage to persons and animals occasioned "in any manner, in whole or in part, by the want of such fences," an injury may be occasioned in whole or in part by the absence of a fence, although it may not be proximately caused thereby.
4. Under sec. 1810, Stats. (1898), imposing upon railroads liability for damages to persons and animals occasioned by unfenced right of way, proximate causal relation, including reasonable anticipation, is not necessary, and contributory negligence is no defense: the purpose of the statute being to cast upon railroads absolute liability.
[5. Whether the deliberate and intentional entry upon a railroad right of way and tracks by an adult fully cognizant of all the conditions, and with no circumstances of confusion or inadvertence, may be held, as matter of law, not occasioned by absence of a fence, not determined.]

6. Where, in the light of childish tendencies, an injury happens to a child ten years of age upon the unfenced right of way of a railroad, the court cannot say, as matter of law, that his deviation onto the railroad grounds would have so certainly occurred had a fence been interposed as to warrant reversing a finding that the injury was caused in whole or in part by the absence of a fence.

7. In an action for personal injuries happening to a child walking upon an unfenced right of way, it is not error to instruct the jury to consider whether a fence would have "prevented or tended to prevent" plaintiff's entry on the right of way.

8. A verdict of $10,000 for damages sustained by a child ten years of age, consisting of loss of his left arm close to the shoulder, a cut on his head, and bruises and scratches on his face, which was held not excessive by the trial court, will not be disturbed on appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Plaintiff was injured by being run down by defendant's engine at a point south of Reservoir avenue and near Humboldt avenue in the city of Milwaukee. At that place the defendant maintained several substantially parallel tracks for various purposes. The railroad premises were bounded on the north by Reservoir avenue, a narrow unpaved street running east and west. Coming from the north, Bremen street terminated in Reservoir avenue, and some two blocks east Humboldt avenue, a main business thoroughfare, crossed the railroad tracks. Reservoir avenue connected Bremen street and Humboldt avenue, but on the day in question was very muddy and unpleasant for passage. The railroad grounds were in better condition, and there was a much used foot-path along one of the tracks, the third or fourth south of Reservoir avenue. Plaintiff, a boy about ten years old, of apparently average intelligence, was sent from his home on Bremen street near Reservoir avenue to a place on Humboldt avenue, also north of Reservoir avenue. He started southward on Bremen street, incumbered by a basket for groceries, and passed onto the railroad grounds and took the path

above mentioned along the so-called roundhouse track, where he was injured by an engine coming up behind him. The railroad grounds were not inclosed by any fence. The jury found by special verdict in the first answer that the place in question was not depot grounds, and, by answer to the sixth question, that plaintiff's injury was caused in whole or in part by the fact that the defendant company had not fenced its right of way at the point where the plaintiff entered upon it. Other negligence was also found as the proximate cause of plaintiff's injury, as also the absence of contributory negligence.

[Plaintiff was drawn under the wheels of the engine or tender, which cut off his left arm close to the shoulder. Plaintiff also received a cut on the head, and his face was bruised and scratched, but he otherwise received no injury. The verdict was for $10,000.]

After a motion for a new trial, and also a motion to reverse the answer to the sixth question, among others, had been overruled, judgment was entered for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *C. H. Van Alstine* and *H. J. Killilea,* and oral argument by *Mr. Van Alstine.*

For the respondent there was a brief by *O'Connor, Schmitz & Wild,* and oral argument by *A. J. Schmitz.*

DODGE, J. Appellant's first contention is that the *locus in quo* was in fact depot grounds, although he assigns no error either upon the answer to the first question in the special verdict or to the refusal of the court to set it aside. Disregarding such omission, however, there was much evidence introduced with reference to the use which was made of the various tracks as well as of the location of the place of injury with reference to any station, and the jury were aided by a view in passing on accessibility to the public for loading freight. The question whether a given place is or is not de-

pot grounds, within the meaning of sec. 1810, Stats. (1898), is ordinarily a question of fact. *Grosse v. C. & N. W. R. Co.* 91 Wis. 482, 65 N. W. 185; *Cole v. D., S. S. & A. R. Co.* 104 Wis. 460, 80 N. W. 736; *Habenicht v. C., St. P., M. & O. R. Co.* 126 Wis. 521, 105 N. W. 910. In the present case the evidence quite clearly was such that the jury within their province might well have found in the negative as they did.

The next material contention of the appellant is advanced under the form of an attack upon the sixth finding that the plaintiff's injury was caused in whole or in part by the absence of a fence. Counsel supports his contention mainly by cases decided under very different statutes and involving radically different principles and reasons from those applicable to our statutes: statutes which merely command railroad companies to fence their rights of way, and under which it is held that failure to do so, being a breach of the law, is an act of negligence. Such cases are entirely analogous to the decisions of this court under statutes prohibiting excessive rates of speed and requiring ringing of bell. Sec. 1809, Stats. (1898); *Ransom v. C., St. P., M. & O. R. Co.* 62 Wis. 178, 22 N. W. 147; *Piper v. C., M. & St. P. R. Co.* 77 Wis. 247, 46 N. W. 165. The principle there involved is merely that the failure of the statutory duty constitutes negligence from which the courts start with the logical deduction that for injuries proximately caused thereby, and not contributed to by the negligence of the person injured, the company should be liable. In the application of that rule there has been much discussion whether proximate causal relation can exist between the absence of a fence and the intentional entry upon railroad grounds by one in the full exercise of his faculties and competent to use judgment, choice, and volition, as in the two cases cited by appellant from Minnesota. *Fezler v. W. & S. F. R. Co.* 85 Minn. 252, 88 N. W. 746; *Schreiner v. G. N. R. Co.* 86 Minn. 245, 90 N. W. 400. It was in the

application of these same principles that *Schmidt v. M. & St. P. R. Co.* 23 Wis. 186, was decided, where it was held, under a statute not expressly imposing liability for injury to *persons,* that the absence of fence might be proximately causal of an injury to an infant too young to exercise judgment or volition. All such cases are, however, beside the question presented by our present sec. 1810, Stats. (1898), for that, in addition to commanding the railroads to build a fence, expressly provides that in its absence "such road shall be liable for all damages done to cattle, horses or other domestic animals, or persons thereon, occasioned in any manner, in whole or in part, by want of such fences or cattle-guards." An injury may well be occasioned in whole or in part by the absence of a fence, although it may not be proximately caused thereby. It is enough if such omission gives occasion for entry on the place of injury. *Curry v. C. & N. W. R. Co.* 43 Wis. 665, 676.

It has already been decided that proximate causal relation, including the element of reasonable anticipation, is not necessary, but merely that the railroad's omission shall be *causa sine quâ non.* *Atkinson v. C. & N. W. R. Co.* 119 Wis. 176, 96 N. W. 529; *Hayes v. Mich. Cent. R. Co.* 111 U. S. 228. Also, that contributory negligence of the respondent is no defense. *Quackenbush v. W. & M. R. Co.* 62 Wis. 411, 22 N. W. 519; *S. C.* 71 Wis. 472, 37 N. W. 834. The purpose of this statute was to cast upon the railroads absolute liability for injuries to cattle whose entry upon the tracks was made possible by absence of the prescribed fences, and when it was amended in the revision of 1878 by the addition of "persons," the extension of the same purpose to human beings was obvious.

The question to be decided in this case, therefore, is not whether the injury to this plaintiff was proximately caused by the absence of a fence, but whether, in the exact language of the statute, it was "occasioned in any manner, in whole or

in part," by such absence. We need not decide whether the deliberate and intentional entry upon a railroad right of way and tracks by an adult fully cognizant of all the conditions, and with no circumstances of confusion or inadvertence, might be held, as matter of law, not occasioned by the absence of a fence, for that case is not presented, and we need not theorize as to whether presence of a fence would have availed to counteract such deliberate purpose. On the other hand, if, by reason of storm, inability to observe, or lack of knowledge of the exact location, even an adult of full intelligence should wander from a highway onto an adjoining railroad right of way, it would be difficult to discover any reason why he might not come within the intent and purpose of the act as clearly expressed by its unambiguous words. In the case of children other elements, however, are presumptively present. They lack in greater or less degree, according to age, development, and intelligence, the pertinacity of purpose and the soundness of judgment of the adult. Their conduct is often controlled by propensities, temptations, curiosities, and obstacles which would not materially affect that of the adult. This consideration has been recognized by this court in many cases. *Meibus v. Dodge,* 38 Wis. 300; *Busse v. Rogers,* 120 Wis. 443, 98 N. W. 219; *Compty v. C. H. Starke D. & D. Co.* 129 Wis. 622, 109 N. W. 650. All these childish tendencies must be taken into account in weighing probability of childish action. In the light of them, and of the fact that this boy was on his way from Bremen street eastward to Humboldt avenue, a distance of 400 or 500 feet, and was confronted by the muddy road and tempted by the better pathway near the railroad tracks, although he in a measure appreciated and understood the danger of the latter course and was able to exercise some measure of intelligent judgment, is it certain that, if his entry upon the latter course had been obstructed by a substantial fence such as the law requires, he would have persisted in overcoming that obstacle,

instead of pursuing the safer pathway along Reservoir avenue, or even conceived the plan? We think not. The situation presented an opportunity, for inference by reasonable men familiar with human and boyish tendencies and with complete knowledge of plaintiff's intelligence and maturity, such as the jury were qualified to draw, and we cannot say as a matter of law that his deviation onto the railroad grounds would so certainly have occurred even had such fence been interposed that the court should have answered the sixth question in the negative. The mere absence of a required obstacle or warning has often been held to support an inference that its presence would have affected conduct even of mature persons; much more justifiable is such inference in case of children or animals. *Schmidt v. M. & St. P. R. Co.* 23 Wis. 186; *Schrier v. M., L. S. & W. R. Co.* 65 Wis. 457, 459, 27 N. W. 167; *Blomberg v. Stewart,* 67 Wis. 455, 30 N. W. 617; *Palmer v. N. Y. C. & H. R. R. Co.* 112 N. Y. 234, 19 N. E. 678.

Error is assigned upon the charge under the sixth question because the court told the jury to consider whether a fence would have "prevented or tended to prevent" plaintiff's entry on right of way. In this we discover no error. The tendency of a fence to prevent the entry was proper to be considered in answering the question whether plaintiff's injury was caused by absence of such fence as the law requires. Of course defendant would not be liable merely because of such tendency alone, but no charge to that effect was given.

The findings that the *locus* was not depot grounds, and that absence of fence caused the plaintiff's injury, are sufficient to support judgment for plaintiff, and we need not discuss any errors assigned or committed in connection with other forms of negligence alleged and found against defendant, or with the question of plaintiff's contributory negligence.

Contention is made that the verdict, $10,000, is excessive.

While it is larger than we might approve as an original prop-
osition, yet it is not substantially larger than courts have
often sustained for similar or equivalent injuries.   *Schmidt
v. M. & St. P. R. Co., supra; Berg v. C., M. & St. P. R. Co.*
50 Wis. 419, 7 N. W. 347; *Nadau v. White River L. Co.* 76
Wis. 120, 43 N. W. 1135; *Ballzer v. C., M. & N. R. Co.*
89 Wis. 257, 60 N. W. 716; *Yerkes v. N. P. R. Co.* 112 Wis.
184, 88 N. W. 33; *Chicago Anderson P. B. Co. v. Rembarz,*
51 Ill. App. 543.   It has been held not excessive by the trial
court, whose opportunity for knowledge is better than ours.
We cannot feel justified to disturb it.

*By the Court.*—Judgment affirmed.