SMITH, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*October 7—December 7, 1915.*

*Railroads: Injury to person on track in station: Contributory negligence: Headlights: Validity of statute.*

1. An employee of an express company who was struck and injured by a train alleged to have been run into a station at an excessive rate of speed without giving appropriate signals, is *held*, as a matter of law, to have been guilty of contributory negligence upon evidence showing, among other things, that he was familiar with the surroundings and knew that the train was likely to come in soon on the track in question; that the station was well lighted; that he had walked 200 feet beside the track without looking back, and then stepped into the zone of danger when the engine was just behind him.

[2. Whether sec. 1809v, Stats., relating to locomotive headlights, is unconstitutional, is not decided.]

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover damages for personal injury. Plaintiff, an employee of the American Express Company at defendant's station in the city of Milwaukee, Wisconsin, while in performance of his duty going from his employer's building at such station along and parallel with one of the railway tracks between the same and a fence, the two being seven and one-half feet apart, to a truck which he had previously placed several hundred feet from his starting point, was struck from behind by the pilot of an engine of a belated train and seriously injured. He knew the train was past due and was hurrying to reach his truck, though he said the quick movement was because he was cold. The accident occurred in the nighttime about half-past 1 o'clock. The track along which he was traveling was the left hand one of four parallel tracks, under the covered part of the station.

Plaintiff claimed that defendant was actionably negligent in running its train into the station at an excessive rate of

speed without giving appropriate signals, particularly without ringing the engine bell. On the trial there was a further claim that defendant was liable because the accident was, in part, at least, caused by failure to comply with sec. 1809v, Stats., as regards the character of engine headlight.

The evidence established the situation aforesaid and the following: Plaintiff was familiar with his surroundings though he had worked but a brief time in the particular situation. He knew that a train was liable to soon come in on the track along which he was walking. The station was well lighted with nine electric arc lights, and the lights had been set for the arrival of the expected train. At or about the time plaintiff started from the express building, he looked around to see if any coming train was in sight. After going a short distance further he looked around again. He then proceeded over 200 feet and until struck without again looking around. Up to about the instant of the collision, he walked near the fence where he was out of danger. He did so knowing that such was the safe way. He was so doing when the train reached a point within about forty or fifty feet of him and the engineer had set the brakes for the stop. The fireman observed him in a place of safety and assumed that he knew of the approach of the train. It was making the usual noise of a moving train running moderately without working steam, and with brakes set, in a covered station. There was a decided rumbling noise, something like that of a train going over a bridge. Just before the engine reached a point opposite plaintiff, he suddenly swerved to the right into the pathway of the locomotive and was almost instantly struck. Others saw the train some little time before it reached plaintiff. He could easily have done so had he looked around before he swerved to the right, or for a considerable time theretofore. There was very positive evidence that persons near by saw plaintiff's danger just before he was struck; tried to warn him; that the engine bell was ringing, and that the headlight did not come up to the statutory requisites. There

was evidence to the effect that there was a standing truck between the track and the fence, near where the accident occurred and that plaintiff was thrown against it; further, that he could easily have kept out of danger notwithstanding such truck.

The court directed a verdict in favor of defendant, holding that the uncontradicted evidence of plaintiff having walked over 200 feet along the track without looking back, when he knew or ought to have known that a train was expected thereon, and, finally, entered the zone of danger when the train was in plain sight of him and he could just as well have kept close to the fence, or close enough thereto to be out of danger, was clearly contributory negligence, and that the statutory requirement as to headlights, sec. 1809v, Stats., is so indefinite and uncertain as to be impracticable of enforcement, and therefore void. Judgment was rendered in favor of the defendant.

For the appellant the cause was submitted on a brief signed by *John W. Burkhardt* and *Lehr, Kiefer & Reitman,* attorneys, and *J. Elmer Lehr,* of counsel.

For the respondent there was a brief signed by *Edward M. Smart* and *Miller, Mack & Fairchild,* and oral argument by *Mr. J. G. Hardgrove, Mr. Edwin S. Mack,* and *Mr. Smart.*

The following opinion was filed October 26, 1915:

MARSHALL, J. The question of whether the evidence would fairly have warranted a jury finding that appellant was free from efficient contributory negligence must be answered in the negative. The fact that he walked for over 200 feet along between the track and the fence, keeping near enough to the latter to be outside the zone of danger, knowing, or with efficient reason for knowing, that a train was soon expected, and then, without looking or having looked back in the meantime, though the train was in plain sight at the last and only a few feet away, turned out of the safe way into that

of danger, resulting in the accident, seems to make far too clear a case of contributory negligence to admit of holding that the trial court was clearly wrong in so deciding.

The suggestion of counsel that there is no evidence that plaintiff knew of the zone of danger, is met by his own evidence that he walked, commonly, near the fence because that was the safe place, and by the fact that the danger of walking so near the track, as he did at the instant of the accident, in case of a train approaching, as happened, must have been obvious. Certainly, no warning of the danger was necessary to a person as familiar as appellant must have been with the whole situation.

Slipperiness of the platform is suggested as a possible reason for appellant's swerving away from the fence; but neither court nor jury could properly act upon mere possibilities. The evidence does not seem to admit of more than the merest conjecture that the condition of the platform had anything to do with the accident. The fatal thing was plaintiff's turning toward the track without looking back. His testimony that he had traveled but a short distance near the track before he was struck, that, before, he traveled pretty near the fence because it was safer, accords with the evidence of the fireman that he was at a safe distance from the engine until it was within a few feet of him.

The question of whether the headlight statute, sec. 1809$v$, Stats., is unconstitutional, does not need to be answered in this case. We conclude to leave that matter open for now. It is sufficient that the statute is entirely immaterial to the situation we have to deal with.

The statute provides that, in case of a violation thereof, the offender "shall be liable for all damages resulting in whole or in part, directly or indirectly, from such violation." Therefore, to make a case under it, reasonably clear evidence is necessary, that the insufficient headlight had some causal connection with the damages claimed. We agree with counsel

for respondent that there is no such evidence in this case. The vicinity of the accident must have been so brilliantly lighted by the nine electric arc lights that appellant had no need for more light to enable him to appreciate his position and surroundings, and it is no more than matter of conjecture that a better headlight would have appreciably added to the illumination. No more efficient headlight was necessary to enable the trainmen to discover appellant, for he was in plain sight of and was observed by them. No more efficient headlight was necessary to aid in appellant's knowing of the approaching train, for he knew it was momentarily expected, and it was in plain sight from his location for some time before and at the instant he turned into the zone of danger. Therefore, clearly, the statute does not cut any figure in the case.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied, with $25 costs, on December 7, 1915.