**17]** JANUARY TERM, 1914. 477

Alexander v. Minneapolis, St. P. & S. S. M. R. Co. 156 Wis. 477.

ALEXANDER, Administratrix, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY, Appellant.

*February 26—March 17, 1914.*

*Railroads: Failure to fence: Absolute liability for injury: Proximate cause: Contributory negligence: Gross negligence: Driving lengthwise on track: Inadvertence: Intoxication: Highway crossing: Depot grounds: Constitutional law.*

1. Under sec. 1810, Stats., a railway company being absolutely liable for injury "occasioned in any manner, in whole or in part," by its failure to fence its road as therein required, the ordinary rules relative to proximate cause are not applicable and contributory negligence is not a defense.

2. Where, at a point where defendant should have fenced its road, the team which plaintiff's intestate was driving went upon the right of way at night without his knowing it, because of his intoxicated condition or his inattention, and within twenty minutes thereafter, having traveled about 450 feet on the right of way, the horses and the deceased were struck and killed by a train, such facts constituted no defense to an action for damages on account of his death, the jury having found that such death was occasioned, in whole or in part, by the want of a fence where the team entered on the right of way. *McDonald v. C., M. & St. P. R. Co.* 75 Wis. 121, distinguished and doubted.

3. Sec. 1811, Stats., which prohibits traveling lengthwise upon a railroad track, under penalty, does not preclude a recovery in the case above stated, the deceased not having wilfully or intentionally entered upon the right of way and not having purposely or avoidably remained or driven thereon.

4. Mere inadvertence, even when caused by intoxication, with no element of intentional, wanton, or reckless action, does not amount to gross negligence.

5. The evidence in this case does not show that there was any highway crossing at the point where plaintiff's intestate got upon the defendant's right of way which would excuse defendant from building and maintaining a fence; and it supports a finding by the jury that the place was not depot grounds.

6. Sec. 1810, Stats., is valid and does not conflict with federal legislation.

APPEAL from a judgment of the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

The plaintiff as administratrix of her husband's estate brought this action to recover damages caused by the defendant's alleged negligence in causing the death of her husband while on the railroad track of the defendant and appellant in the village of Westfield, Marquette county, Wisconsin, on the evening of January 16, 1912.

The plaintiff bases her right of action upon negligence in failing to maintain a fence as required by sec. 1810, Stats. The defendant denies that this section has any relation to the situation and denies that a fence was required. Defendant also set up as a defense the violation by deceased of sec. 1811, Stats., prohibiting persons from riding or driving lengthwise of the railroad track when not fenced. Defendant also challenged the validity of sec. 1810, Stats.

Motion for directed verdict in favor of defendant was denied. The jury returned the following verdict:

"(1) Was the place where Mr. Alexander's team went upon the railroad property a part of the depot grounds? *A.* No.

"(2) Was the death of Mr. Alexander occasioned in whole or in part by the want of a fence at the place where the team entered upon the said property? *A.* Yes.

"(3) What sum will compensate *Mrs. Alexander* for the pecuniary loss sustained as a result of her husband's death? *A.* $5,000.

"(4) What was the horse, harness, and sled owned by Mr. Alexander reasonably worth at the time they were destroyed? *A.* $175."

The usual motions were made after verdict by defendant, denied, and judgment entered for plaintiff on the verdict, from which this appeal was taken.

For the appellant there was a brief by *W. A. Hayes,* at-

torney, and *John L. Erdall,* of counsel, and oral argument by
*Mr. Hayes.*

*D. W. McNamara,* for the respondent.

KERWIN, J.    The deceased, a farmer forty-two years of
age, drove to the village of Westfield, a distance of two or
three miles, with a span of horses and sleigh in the afternoon
of January 16, 1912, delivered some farm produce to a mar-
ried sister who resided on the outskirts, and then drove to
the business part of the village.    Between 5 and 6 in the
evening deceased was in a saloon with his brother, had drank
some, and started for home about 6 o'clock or shortly before.
The night was dark, cold, and stormy.    He started driving
his team in the direction of his home, got onto the defend-
ant's railroad track at a point where it was not fenced, con-
tinued on the track for some distance to a trestle, where the
team was struck by a north-bound passenger train and the
team and deceased were killed.    The main contention of ap-
pellant is that upon the evidence produced the plaintiff can-
not recover.    The evidence tends to show that on the evening
in question, when the deceased started for home, he was under
the influence of liquor, but apparently able to manage his
team; that the team, or one of the horses, was spirited and
easily frightened at flashes of light or unusual noise and
likely to take fright and run.    The deceased after starting
for home drove to Main street, turned and drove two blocks
to the street connecting with his home road, turned at this
street and drove across a bridge to the railway track, which
he crossed.    At the time he reached the railway track the
electric light was turned on, which sputtered considerably.
This electric light was located at a point near where the team
of deceased turned from the main road onto a vacant strip of
land lying adjacent to and west of the defendant's right of
way and extended southerly about 1,000 feet from Lawrence

road, the road upon which deceased was driving when his
team turned onto the strip along the right of way. This
strip or street, so called, was more or less used for travel.
Deceased's team, as evidenced by sleigh tracks, turned from
Lawrence road onto this strip of land at a point about twenty-
five feet from the electric light and fifty feet beyond the
rails of the railway track. The team followed this strip
along the west side of defendant's right of way about 700
feet, then turned towards the right of way, crossed the west
line of the right of way 100 feet further on, reaching the rails
100 feet beyond this point, and followed the rails to a trestle
crossing, so the team traveled about 450 feet on the right of
way. The trestle was open and the fill at the commencement
of it about thirteen feet high. The embankment was narrow
at the top and sloped at the sides at an angle of about thirty-
five to forty degrees. The ground and right of way between
the rails was covered with snow. It does not appear that
deceased had any purpose in going upon this side street and
getting upon the right of way. For some reason his team
turned off Lawrence road and down the strip or street re-
ferred to and onto the right of way, which was not fenced.
There is some evidence that the team ran part of the way.
The team was struck within twenty minutes after it got upon
the right of way. The strip of land adjacent to the right of
way was about fifty feet wide and extended southerly from
Lawrence road 1,000 feet, and ended at a fence crossing it
at about right angles and joining the fence on the right of
way from there on, the right of way not being fenced up to
that point. The part of the right of way in question is on
the edge of the village.

The learned counsel for appellant relies upon *McDonald
v. C., M. & St. P. R. Co.* 75 Wis. 121, 43 N. W. 744, and
the trial judge below favors us with a very able opinion,
which is in the record, in which he finds some facts in addi-
tion to those found by the jury, and concludes, first, that

*McDonald v. C., M. & St. P. R. Co., supra,* was not correctly decided; and second, that, if correctly decided, it does not rule the instant case. We think the learned trial judge is correct in his second conclusion, and whether he is or not in the first we regard a serious question. Whether *McDonald v. C., M. & St. P. R. Co., supra,* is good law we need not and do not decide, because we are satisfied it does not rule this case.

The trial judge found:

"Whatever the fact may have been in the *McDonald Case,* and whatever inference of ultimate fact the court may have drawn from the evidentiary facts of that case, I am satisfied that the deceased in this case did not wilfully or intentionally enter upon the defendant's right of way, and that he did not purposely or avoidably remain or drive thereon; that he was not guilty of wilful misconduct; that he was not guilty of gross negligence in fact or as matter of law under sec. 1811; that he was intoxicated to a considerable extent and was guilty of a high degree of negligence that contributed proximately to his death; but I think that this constituted contributory negligence and nothing more. From this I conclude that the motion for judgment for the plaintiff should be granted."

The jury found that the death of the deceased was occasioned in whole or in part by the want of a fence at the place where the team entered upon the property of defendant. Sec. 1810, Stats., imposes absolute liability upon railroad corporations for injury on account of failure to fence their roads (except depot grounds), "occasioned in any manner, in whole or in part, by the want of such fence." *Atkinson v. C. & N. W. R. Co.* 119 Wis. 176, 96 N. W. 529. Under this statute, if the want of a fence contributes in any manner to cause the injury the defendant is liable. The ordinary rules relative to proximate cause are not applicable. *Atkinson v. C. & N. W. R. Co., supra.* Nor under the statute is contributory negligence a defense in cases where the injury

is occasioned in any manner, in whole or in part, by the want
of a fence.    *Quackenbush v. Wis. & M. R. Co.* 62 Wis. 411,
22 N. W. 519.    But it is strenuously insisted that sec. 1811,
Stats., which prohibits traveling lengthwise upon the track
under penalty, precludes recovery in this case; that the de-
ceased was on the track by his own wrong, either wilfully or
by inadvertence because of his stupid condition brought
about by his voluntary act in becoming intoxicated.    The
trial judge concluded, as appears from his opinion in the rec-
ord, that the deceased's team either got beyond his control
from fright at the turning on and sputtering of the electric
light, and went upon the track, and that he was unable to get
them off before he was struck, or that they turned and went
upon the track without his knowing it, on account of his in-
toxicated condition or inattention.    We think this conclu-
sion of the learned trial judge is well supported by the record
and constitutes no defense to the present action.    Here it
cannot be said as matter of law that the failure to fence did
not occasion in whole or in part the injury, or that deceased
made a deliberate and intentional entry upon the track.
*Ulicke v. C. & N. W. R. Co.* 152 Wis. 236, 139 N. W. 189;
*Schwind v. C., M. & St. P. R. Co.* 140 Wis. 1, 121 N. W.
639.

Construing the evidence most favorably to the defendant,
if the deceased got upon the track and continued thereon by
inadvertence, under such circumstances, under the repeated
decisions of this court, he was not guilty of gross negligence.
*Willard v. C. & N. W. R. Co.* 150 Wis. 234, 136 N. W. 646;
*Jorgenson v. C. & N. W. R. Co.* 153 Wis. 108, 140 N. W.
1088; *Barlow v. Foster,* 149 Wis. 613, 136 N. W. 822;
*Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W.
446; *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415,
128 N. W. 273.

In *Tunnison v. C., M. & St. P. R. Co.* 150 Wis. 496, 137
N. W. 781, the court found that the plaintiff was violating

sec. 1811, Stats., yet it was held that he was guilty of con-
tributory negligence only, notwithstanding that he was know-
ingly and intentionally upon the track.    No inadvertence
can amount to gross negligence under the rule established by
this court.    There must be some element of intentional, wan-
ton, or reckless action.    No such element appears in the in-
stant case.    The team got upon the track, obviously, from in-
advertence because of its escaping from the control of the
deceased or because of his intoxicated condition.    The only
possible intentional or wilful wrong which could be attributed
to the deceased would be his purposely drinking to excess.
There is no evidence of this.    On the contrary, so far as the
evidence shows, it appears that he was able to manage his
team when he started for home, and intoxication has been
held by this court not gross negligence as matter of law.
*Jorgenson v. C. & N. W. R. Co., supra; Nekoosa-Edwards
P. Co. v. Industrial Commission,* 154 Wis. 105, 141 N. W.
1013.    It is said in the case last cited: "It is quite possible
for a person to be in an intoxicated condition, which condi-
tion proximately caused the accident which proximately
caused the death, and yet not be guilty of wilful misconduct."
In any view of the evidence in this case it seems clear that
deceased was not guilty of gross negligence.

The learned counsel for appellant argues with much force
that *McDonald v. C., M. & St. P. R. Co.* 75 Wis. 121, 43 N.
W. 744, controls this case, but conceding, without deciding,
that that case was decided rightly, there are many points of
difference between it and the instant case.    The court in the
opinion appears to hold that, while there may not have been
any negligence on the part of the deceased in getting upon
the track, the evidence shows that he continued to travel for
a long distance upon the track after becoming conscious that
he was upon it, and that it appears there was no difficulty in
getting off the track.    It therefore appears from the opinion
in the *McDonald Case* that the deceased intentionally con-

tinued to travel upon the track for a long distance, and the court held that he was guilty of gross negligence. There are many other features in the *McDonald Case* quite different from those in the case at bar, but it would serve no useful purpose to refer to them at length.

It is also insisted by appellant that there was a highway crossing at the point where deceased got upon the right of way. This contention is not supported by the evidence. It seems that Mr. Wilson, a resident on the east side of the right of way, and perhaps others, were in the habit of crossing the track, but it does not appear that there was any regular crossing. Moreover, the right of way on the west side was unfenced for a distance of about 1,000 feet southerly from Lawrence road, and the evidence is ample to sustain a finding that the team got upon the track because of such unfenced condition. Clearly the evidence does not show that there was any such crossing at or near the point in question which would excuse the defendant from building and maintaining a fence.

Counsel further contends that the place where the team entered upon the right of way was depot grounds. The jury found to the contrary, and we think this finding is supported by the evidence and that the question was one for the jury.

Some other points are discussed by counsel for appellant respecting the constitutionality of sec. 1810, Stats., and its alleged conflict with federal legislation. We do not regard the contentions under this head tenable. We think the case was fairly tried and no prejudicial error committed, therefore the judgment should be affirmed.

*By the Court.*—Judgment affirmed.