VAILLANT and wife, Appellants, vs. CHICAGO & NORTHWEST-
ERN RAILWAY COMPANY, Respondent.

*May 23—June 13, 1916.*

*Railroads: Fences: Death "occasioned" by want of fence.*

1. Where a boy sixteen years old, having entered upon a railroad
   right of way at a place where it should have been but was not
   fenced, boarded a moving freight train and after traveling sev-
   eral miles was killed in attempting to jump from the train while
   it was in motion, his death was not, within the meaning of sec.
   1810, Stats. 1915, "occasioned . . . in whole or in part" by the
   want of a fence, there being no causal relation between them.
2. The word "occasioned" in said sec. 1810 means caused incidentally
   or indirectly.

APPEAL from an order of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. *Affirmed.*

The action was brought by the plaintiffs to recover damages
for the death of their son, George Vaillant, whose death is al-
leged to have been "occasioned" by the absence of a fence on
defendant's railroad right of way.

George Vaillant, son of the plaintiffs, was sixteen years of
age at the time of his death. On October 31, 1914, he entered
upon the defendant's right of way in the city of Green Bay at
a point where Maple avenue, if extended northerly to Seventh
street, would intersect defendant's right of way. There was
no fence on the side of the railroad tracks at this place and
this area did not constitute depot grounds. The boy boarded
a moving freight train at this place and managed to get into
one of the cars. When the train reached Pine street, De
Pere, the boy attempted to get off from the train while it was
in motion and was killed.

The plaintiffs allege that the absence of the fence "occa-
sioned" the boy's death; that if the fence had been there he
would have been interrupted in his course and delayed in
reaching the moving train and that he could not have caught

the moving car. The complaint contains no allegation show-
ing that the decedent entered onto the railroad in the ordi-
nary course of travel and over a well established path com-
monly used by the public with the acquiescence of the rail-
road company.

The defendant demurred to the complaint as not stating
facts sufficient to constitute a cause of action. The court
made an order sustaining the demurrer. From such order
this appeal is taken.

For the appellants there was a brief signed by *Kaftan &
Reynolds* (by *Robert A. Kaftan*), and oral argument by *Rob-
ert A. Kaftan.*

*Edward M. Smart,* for the respondent.

Siebecker, J. The argument is made that the boy's
death was "occasioned, . . . in whole or in part, by the want
of such fence." Sec. 1810, Stats. 1915. The meaning of
the word "occasioned" as used in this statute has been ad-
verted to in the opinions of this court and is declared to sig-
nify that which is caused incidentally or indirectly. *Curry
v. C. & N. W. R. Co.* 43 Wis. 665; *Schwind v. C., M. & St.
P. R. Co.* 140 Wis. 1, 121 N. W. 639. In this sense of the
statute can it be reasonably asserted that the omission of the
fence under the alleged facts was the means of producing the
boy's death? Did it incidentally cause his death, or are we
compelled to say that his death is attributable to other ele-
ments of the transaction? The claim that the presence of a
legal fence on the right of way would have intercepted the
boy in the progress of his course and have prevented him
from catching the moving train and thus he would have
avoided the injury, is based on inferences highly speculative,
uncertain, and purely conjectural. It cannot be said, in the
light of common experience, that such a fence would have in-
tercepted or diverted the boy in his undertaking to reach the
moving train. We know that such a fence is hardly an im-

pediment in the course of a normal boy sixteen years of age in attempting to catch a moving train. It is a mere surmise to assert that its presence would have diverted him from pursuing his perilous expedition, or that it would have prevented him from catching the moving train. The conditions and events of the whole affair afford no reasonably certain basis for an inference that the absence of the required railroad fence was an incidental cause or means of producing the boy's death.

It is furthermore to be observed that the injury causing the boy's death was inflicted at De Pere, about five miles distant from the place where he got on the train, when he attempted to jump off from the moving car. It is obvious that he had successfully carried out the first steps of his undertaking. As the trial court declared: "He sought to steal a ride on a freight train to the neighboring city, several miles away. He accomplished his purpose, and was not injured because of the fact that he tried to board the train, . . . but because of the fact that later he sought to jump off from the moving train several miles further on." His reckless conduct in jumping off from the moving car was the real peril that "occasioned" his injury. This act is disconnected and separated from the absence of the fence and in the natural course of things constitutes an independent event as related to the resulting injury. The evident answer to the inquiry, What occasioned the boy's death? is that it was the natural consequence of his voluntary act of jumping off from the moving train. This act was wholly unrelated to the company's omission to have a railroad fence. The two events had no causal relation, and the latter cannot be considered as causing the death in any incidental or indirect manner. Without pursuing the inquiry further, in the light of the facts alleged in the complaint it cannot be held that the boy's death was "occasioned in any manner, in whole or in part, by the want of such fence." Plaintiff cites to our attention *Schwind v. C., M. & St. P. R. Co.* 140 Wis. 1, 121 N. W. 639; *Alexander*

*v. M., St. P. & S. S. M. R. Co.* 156 Wis. 477, 146 N. W. 510; *Ulicke v. C. & N. W. R. Co.* 152 Wis. 236, 139 N. W. 189; and *Bejma v. Chicago & M. E. R. Co.* 160 Wis. 527, 149 N. W. 588, 152 N. W. 180, and relies upon them as authorities to sustain the defendant's liability upon the complaint. An examination of them has convinced us that these cases are clearly distinguishable from the instant one and that the rules governing those cases do not apply here.

*By the Court.*—The order appealed from is affirmed.