WENDORF, by guardian *ad litem,* Appellant, vs. DIRECTOR
GENERAL OF RAILROADS, Respondent.

*November 17—December 14, 1920.*

*Railroads: Negligence: Licensees: Child playing on cars: Absence
of cattle-guards: Standing train as attractive nuisance.*

1. A boy nine years old, traveling with companions on a railroad
   right of way while gathering flowers, at a place used by
   pedestrians as a foot-path to the knowledge of the railroad
   company, is a licensee with the right to travel over the right
   of way in the manner in which it is used by pedestrians; but
   when he diverts from his travel and mounts cars of a stand-
   ing freight train to engage in play he becomes a trespasser, to
   whom the company owes no active duty unless its employees
   have knowledge of his presence and perilous position on the
   train; and if he is injured when the train is started in the
   usual manner without such knowledge the company is not
   liable therefor. *Carmer v. C., St. P., M. & O. R. Co.* 95 Wis.
   513, distinguished.
2. Where a boy passed onto the right of way of a railroad,
   climbed onto freight cars, and while playing was injured
   when the train started, failure of the company to provide
   cattle-guards, as required by sec. 1810, Stats., was not the
   proximate cause of his injuries.
3. A train of railroad cars cannot be classed with turntables or
   like machinery as alluring and attractive to children so as
   to require careful guarding against danger to them.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

This action was brought by the guardian *ad litem* of
plaintiff to recover damages for personal injuries sustained
by plaintiff, which injuries, it is claimed, were due to negli-
gence of the defendant. The plaintiff, a boy nine years of
age, was thrown from a freight car upon which he had
climbed while the car was not in motion, the accident oc-
curring when the car was put in motion. Plaintiff alleges
that the car was started with such violence that he was
thrown down and under the car and had his leg cut off by
one of the wheels; that the fencing and cattle-guard statute

was violated by defendant, there being no cattle-guard at the place where the plaintiff came from the highway upon the railroad track where he was injured; that the place where he entered and where he was injured was a way licensed for a foot-path; that ordinary care was not used by the defendant, before putting the car in motion, to discover whether the plaintiff was in a position of peril. The answer of defendant puts in issue the allegations of the complaint.

At the close of the evidence on both sides the court directed a verdict in favor of defendant. Judgment was entered in favor of defendant against plaintiff, dismissing the action upon the merits. This is an appeal from such judgment.

*William A. Schroeder* and *Horace B. Walmsley,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Henry J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and oral argument by *Mr. Trump.*

SIEBECKER, C. J.    The trial court held that it is undisputably established by the evidence that plaintiff at the time of injury was a trespasser on defendant's freight train and that defendant was not guilty of any want of ordinary care proximately causing plaintiff's injury. There is no dispute but that the railroad right of way at the place in controversy was used by a large number of pedestrians from Hopkins road to go to and from the manufacturing plants north of this road, and that plaintiff and his companions at the time in question entered upon the railroad right of way at Hopkins road to gather flowers on the right of way and in adjacent fields. The place of accident is in the country and there are no residences located in the immediate vicinity. In view of all the conditions it must be held that when plaintiff used the right of way at the time in question as a footway he was traveling thereon as a licensee. This gave him the privilege of one traveling over it in the way it was being used by pedestrians to the knowledge of the railroad company, but

as such a licensee he had no right to go onto trains on the tracks for play, nor to expose himself to the dangers of passing trains. It is manifest that plaintiff at the time of the accident was not using this right of way in the manner pedestrians did when using it as a foot-path. He diverted from his travel with his companions to mount the cars of a freight train which was making a short stop in its course northward, to engage in play on the cars as brakeman. It is obvious that when they mounted the freight cars to engage in play they were not in the relation of licensees to the railroad company, but were trespassers. Such act of plaintiff and his companions was a wrong of an aggravated nature and most dangerous, and the railroad company owed them no active duty to protect them unless its agents and servants had knowledge of their presence on the train and of their perilous position. *Anderson v. C., St. P., M. & O. R. Co.* 87 Wis. 195, 58 N. W. 79. Counsel for plaintiff stresses the claim that the facts of the instant case bring it within the authority of *Carmer v. C., St. P., M. & O. R. Co.* 95 Wis. 513, 70 N. W. 560. It has frequently been held that when railway tracks are used with the acquiescence of the company by pedestrians as a crossing or foot-path the pedestrians are licensees and it becomes the duty of the railway company to keep a reasonably vigilant lookout to prevent accidents and injuries to such licensees, but it does not owe this measure of duty to trespassers. The *Carmer Case* is clearly one where the child used the railroad grounds as a licensee and was injured while crossing between cars of a train which stood an hour or more on a sidetrack at the village station. Such crossing was being used by adults and school children in their course of travel from one side of the tracks to the other in the village, to the knowledge and with the acquiescence of the railway company. Under the facts and circumstances and the surrounding conditions shown in that case, this court held that the injured child there was a licensee and that the company owed him the duty of exercising active vigilance to protect him from injury.

These facts and conditions manifestly distinguish that case from the one before us. The evidence adduced upon the trial fails to disclose anything tending to show that the trainmen were aware that plaintiff and his companions were present on the cars or on the right of way. It appears that the train was started in the usual manner at the required time. It is considered that the evidence wholly fails to show any negligence by defendant's agents and servants which proximately caused plaintiff's injuries.

The contention that defendant is liable for its default in not having built a cattle-guard at the intersection of its right of way and Hopkins road, upon the ground that the accident to plaintiff "was occasioned in whole or in part" by the absence of such cattle-guard, under the provisions of sec. 1810, Stats., is not sustained. The observation in a similar case (*Vaillant v. C. & N. W. R. Co.* 163 Wis. 548, 158 N. W. 311) is applicable to the facts in this case:

"The claim that the presence of a legal fence [here a cattle-guard] on the right of way would have intercepted the boy in the progress of his course and have prevented him from catching the moving train and thus he would have avoided the injury, is based on inferences highly speculative, uncertain, and purely conjectural. It cannot be said, in the light of common experience, that such a fence [cattle-guard] would have intercepted or diverted the boy in his undertaking to reach the . . . train."

It is clear that the absence of a cattle-guard at the margin of Hopkins road and the railroad right of way did not cause, nor was it the means of producing, plaintiff's injuries. We do not consider that a train of railroad cars on a track can be classed with turntables and like machinery as alluring and attractive to children, so as to put the burden on railroad companies to carefully guard them against danger to small children. *St. Louis S. W. R. Co. v. Davis* (Tex.) 110 S. W. 939, and cases cited on p. 945.

*By the Court.*—Judgment affirmed.