BERNDL, Appellant, vs. DIRECTOR GENERAL OF RAILROADS,
Respondent.

*April 13—May 9, 1922.*

*Railroads: Failure to fence right of way: Injuries "occasioned in
whole or in part" by want of fence: Gross negligence of
person on track: Contributory negligence: Special verdict:
Inconsistency: Unauthorized persons on tracks: Protection
of statute.*

1. In an action for injuries to a pedestrian on an unfenced rail-
road right of way, brought under sec. 1810, Stats., an instruc-
tion that the words "occasioned in whole or in part by the
want of a fence" meant that the injury followed incidentally
or indirectly from the want of the fence was not subject to
objection by plaintiff as excluding a finding that the injury
was the direct result of the absence of a fence, since such
absence could not be the proximate cause of the injury but
only the occasion.

2. The liability of a railroad company under sec. 1810, Stats., for
such injuries is absolute, and contributory negligence consti-
tutes no defense to the action.

3. An instruction that if plaintiff, after commencing to walk along
the tracks, failed to exercise any care for his own safety, his
conduct was reckless and beyond inadvertence and was a new
and independent cause adequate to stand as the sole cause of
the injury, was correct, since it required a finding of gross
negligence, which would defeat recovery.

4. Where under the evidence and instructions the only ground on
which the jury could find that the failure to fence the right
of way was not the occasion of plaintiff's injury was that
plaintiff was grossly negligent after he got upon the tracks, a
special finding that the want of the fence was not the occasion
of the injury was inconsistent with a finding that plaintiff
was not grossly negligent.

5. Gross negligence involves either a wilful intent to injure or a
reckless and wanton disregard of the rights and safety of
another which amounts to willingness to inflict injury, and
excludes the element of inadvertence.

6. If the plaintiff walked along the tracks without exercising any
care for his own safety considering the condition in which he
then was, his conduct was reckless and beyond mere inad-
vertence; and if he was injured his injury was not occasioned
by the want of a fence but because of his own wilful, reckless
acts.

7. It was not incumbent upon plaintiff to prove that the existence of a lawful fence at the place where he entered the right of way would have prevented his going upon the tracks to entitle him to recover under sec. 1810, Stats.

8. A railroad company is liable under sec. 1810, Stats., for injuries to a person who went upon its unfenced right of way, though he was not one who might lawfully go upon the tracks under ch. 551, Laws 1915, amending sec. 1811, Stats.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

Personal injury. This action was brought to recover for personal injuries sustained by the plaintiff on the 21st of April, 1918, as a result of being struck by one of defendant's trains while walking along its right of way in the town of Wauwatosa in Milwaukee county. The action is based upon sec. 1810, Stats., it being alleged and claimed by the plaintiff that his injuries resulted in whole or in part from the failure of the defendant to fence its right of way at the place where he entered thereon. There was a considerable embankment at the point where the plaintiff entered the right of way of the defendant.

The case was submitted to the jury upon a special verdict, and the jury found as follows:

(1) That the place where plaintiff went upon defendant's right of way was not a place where the proximity of the embankment rendered a fence unnecessary to protect cattle or other domestic animals from straying upon defendant's right of way or track.

(2) Plaintiff's injuries were not occasioned in any manner, in whole or in part, by the want of a fence at the point where plaintiff went upon defendant's right of way.

(3) That the plaintiff was not guilty of gross negligence at the time and place in question.

(4) Assessed the plaintiff's damages at the sum of $2,000.

The plaintiff moved to change the answer to the second question from "No" to "Yes" and for judgment upon the verdict as so amended, and, in the event that the motion

should be denied, for a new trial.   The motion by the defendant for judgment upon the verdict was granted and judgment rendered accordingly, from which the plaintiff appeals.

   *William L. Tibbs,* attorney, and *Daniel W. Sullivan,* of counsel, both of Milwaukee, for the appellant.

   For the respondent there was a brief by *H. J. Killilea,* attorney, and *C. H. Van Alstine,* of counsel, both of Milwaukee, and oral argument by *Mr. Killilea.*

   ROSENBERRY, J.   The questions raised in this case relate to the construction and application of sec. 1810, Stats.  Sub. 1 of that section requires every railroad corporation to maintain on both sides of its road, except depot grounds, a sufficient fence to prevent cattle and other domestic animals from going thereon.

   Sub. 2 provides:

   "Until such fences and cattle-guards shall be duly made every railroad corporation owning or operating any such road shall be liable for all damages done to cattle, horses or other domestic animals, or persons thereon, occasioned in any manner, in whole or in part, by the want of such fences or cattle-guards."

   Sub. 4 provides:

   "No fence shall be required in places where the proximity of ponds, lakes, watercourses, ditches, hills, embankments or other sufficient protection renders a fence unnecessary to protect cattle or other domestic animals from straying upon the right of way or track."

   In instructing the jury in regard to the answer to the second question the court said:

   "In determining what your answer to this second question should be the court instructs that the words 'occasioned in whole or in part by the want of a fence' mean, did the injury in whole or in part follow incidentally or indirectly from the want of the fence, and you must determine whether

it so followed from the want of the fence or whether the injury followed from some new and independent cause. If you believe from the greater weight of the evidence that plaintiff's injury incidentally or indirectly followed from the want of the fence, and that the injury did not follow from any new and independent cause, your answer to the second question will be 'Yes.' "

Plaintiff criticises 'this instruction 'because it uses the words "incidentally or indirectly," claiming that by the use of these words the jury was precluded from finding that the injury was a direct result of the absence of the fence. This objection is not well taken.

In *Curry v. C. & N. W. R. Co.* 43 Wis. 665, it was said, Mr. Chief Justice RYAN speaking for the court:

"Of course, the want of a fence cannot, of itself, cause injury, but it gives occasion to injury; causes it incidentally. The want of a sufficient fence gives occasion to an animal to go upon the track, gives occasion to injury there."

This language was approved in *Atkinson v. C. & N. W. R. Co.* 119 Wis. 176, 180, 96 N. W. 529.

The want of the fence cannot be the direct or proximate cause of the injury in the sense in which that phrase is ordinarily used, and a finding to that effect is not required. It is sufficient if the want of the fence occasioned the injury in whole or in part.

The liability imposed by the statute is absolute, and contributory negligence constitutes no defense to the action. *Quackenbush v. Wis. & Minn. R. Co.* 62 Wis. 411, 22 N. W. 519; *Jacoby v. C., M. & St. P. R. Co.* 165 Wis. 610, 622, 161 N. W. 751, 164 N. W. 88.

In regard to the second question the court further instructed the jury:

"On the other hand, if you believe from the greater weight of the evidence that plaintiff, after he commenced to walk along the tracks of the defendant, failed to exercise any care for his own safety, then his conduct after he

reached the tracks was reckless and beyond inadvertence, and constituted a new and independent cause adequate to stand as the sole cause of the injury, and you will then answer the second question 'No.' "

The giving of this instruction is also alleged as error. We think the instruction was properly given. It advised the jury that if the plaintiff, after he had gone upon the tracks, was guilty of conduct which amounted to gross negligence on his part, such gross negligence and not the want of the fence was the cause of the injury; that the plaintiff's injuries were occasioned not by the want of the fence but were due to a new and independent cause; that is, the gross negligence of the plaintiff.

The jury in response to the second question found that the plaintiff's injuries were not occasioned in any manner in whole or in part by the want of a fence, and, there being no independent intervening cause excepting the gross negligence of the plaintiff, the jury thereby found the plaintiff guilty of gross negligence. The jury in response to the third question found that the plaintiff was not guilty of gross negligence. The verdict, therefore, is clearly inconsistent and it is impossible to determine from the verdict what the jury really found the fact to be. There is no claim in the case that there was a new and independent cause such as was present in the case of *Wendorf v. Director General of Railroads*, 173 Wis. 53, 180 N. W. 128, where the plaintiff climbed upon a train, or in *Vaillant v. C. & N. W. R. Co.* 163 Wis. 548, 158 N. W. 311, where the deceased boy jumped upon a train, rode several miles, and was killed while attempting to alight from the train. The only claim made in this case is that the conduct of the plaintiff in walking between the rails in the same direction in which trains moved without any care for his own safety, in the condition in which he then was, amounted to gross negligence.

Under our classification of negligence, which is differ-

ent from that of many other courts, gross negligence is defined as follows:

"In order to constitute gross negligence there must be either a wilful intent to injure, or that reckless and wanton disregard of the rights and safety of another or of his property, and that willingness to inflict injury, which the law deems equivalent to an intent to injure. The element of inadvertence must be wanting." *Willard v. C. & N. W. R. Co.* 150 Wis. 234, 136 N. W. 646.

In construing the words "gross negligence" as used in sec. 1809 the court said:

"The words do not seem to be very happily applied to situations where the first and perhaps the only serious result of the act under consideration will probably be the death of the actor himself or his serious injury; still, gross negligence under its accepted definition here would cover not merely a suicidal act, but any entry on the crossing with a reckless disregard of the consequences, not caring what result might happen to himself or to the innocent occupants of a train. It is by no means infrequent that a man partially intoxicated drives his horses over a grade crossing in utter and reckless disregard of consequences, thereby wantonly endangering not only his own life, but the lives of many others." *Jorgenson v. C. & N. W. R. Co.* 153 Wis. 108, 140 N. W. 1088.

So in this case if the plaintiff entered upon the defendant's right of way and continued to walk along the tracks, failing to exercise any care for his own safety, considering the condition in which he then was, his conduct, as the trial court said, was reckless and beyond mere inadvertence, and if under such circumstances he was injured, his injury was not occasioned in whole or in part by the want of a fence, but was due to his own wilful, reckless acts.

The court further instructed the jury in respect to the second question:

"I further charge you that in order for you to find that the want of a fence at the point where plaintiff entered de-

fendant's right of way on the night in question was the occasion of plaintiff's entry upon the railroad track, that the plaintiff .must satisfy you to a reasonable certainty by a preponderance of the evidence that the presence of a fence at that point would have caused plaintiff to desist from entering upon the railroad track on the night in question.

"I also charge you that if you find from the evidence that if there had been a fence at the point where plaintiff entered defendant's. right of way, nevertheless plaintiff would probably have gone to the railroad tracks and walked thereon on the night in question, it ·is your duty to find that the want of a fence at that point did not occasion plaintiff's injury in any manner, in whole or in part. The burden of proof as to this second question is upon the plaintiff to satisfy you to a reasonable certainty by a preponderance of the evidence that this second question should be answered 'Yes.' If you are not so satisfied, your answer must be 'No.' "

This instruction embodies an erroneous conception of the law and is contrary to the rule laid down in *Schwind v. C., M. & St. P. R. Co.* 140 Wis. 1, 121 N. W. 639. In the case of *Trojanowski v. C. & N. W. R. Co.* 163 Wis. 76, 157 N. W. 536, an instruction somewhat similar to the one complained of was given, but no comment was made thereon in the opinion disposing of the case, it being reversed upon other grounds.

It has been repeatedly held that the object and purpose of the statute is to impose upon the railway companies violating its terms absolute liability for injuries 'which are occasioned in whole or in part thereby. To require the plaintiff to prove affirmatively that had the fence been erected as required by statute he would not have gone upon the tracks at the point in question, requires him to establish the fact that the want of a fence was the proximate cause rather than the occasion in whole or in part of the injuries sustained by reason of the entry. In addition to that, it throws the whole matter into the field of doubt and speculation. No man can tell whether the presence of a legally con-

structed fence will divert him from a particular line of travel or not. Even the same individual might be diverted on one occasion and not on another, depending upon circumstances.

As has been held, the absence of a fence at the point in question is sufficient to sustain a finding that the injuries subsequently received are occasioned in whole or in part by the failure of the railway company to comply with the terms of the statute. *Trojanowski v. C. & N. W. R. Co.* 163 Wis. 76, 157 N. W. 536. The instruction was therefore erroneous.

It is alleged that by reason of the amendment to sec. 1811 by ch. 551 of the Laws of 1915, which provides, "It shall be unlawful for any person other than a licensee, or authorized newspaper reporters or those connected with or employed upon the railroad, to walk, loiter or be upon or along the track or tracks of any railroad," persons in the excepted classes are not within the protection of the statute.

We think the ruling as laid down in *Ulicke v. C. & N. W. R. Co.* 152 Wis. 236, 139 N. W. 189, applies now as it did before the amendment. *Jacoby v. C., M. & St. P. R. Co.* 165 Wis. 610, 622, 161 N. W. 751, 164 N. W. 88.

Railway companies are required to construct fences along their rights of way to prevent persons from entering thereon. Whether persons go upon the railway tracks in violation of the statute or whether they are within the exception made by ch. 551 is immaterial if the injuries sustained by them are occasioned in whole or in part by the want of a fence.

By reason of the inconsistency in the verdict we cannot direct the plaintiff's motion to change the answer to question No. 2 to be granted, but the judgment must be reversed and the cause must be remanded for a new trial.

*By the Court.*—It is so ordered.